IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**LAFAYETTE HOWARD,**
    **Petitioner,**

v.                                        **Civil Action No.: 3:18-CV-138**
                                                     **(GROH)**

**FREDERICK ENTZEL, Warden,**
    **Respondent.**

**REPORT AND RECOMMENDATION**

**I.    INTRODUCTION**

On August 30, 2018, the pro se Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 1.[1] Petitioner is a federal inmate housed at Manchester FCI, in Manchester, Kentucky, who is challenging the validity of his sentence imposed in the United States District Court for the Western District of Tennessee. At the time he initiated this action and filed his amended petition, Petitioner was an inmate at Hazelton FCI. ECF Nos. 1, 10. On February 25, 2019, Petitioner filed an Amended Petition, with a memorandum in support thereof. ECF Nos. 10, 10-1.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed without prejudice.

---

[1] All CM/ECF references herein are to the instant case, 3:18-CV-138, unless otherwise noted.

## II. FACTUAL AND PROCEDURAL HISTORY

**A. Conviction and Sentence[2]**

On February 25, 1999, a grand jury in the Western District of Tennessee returned an indictment[3] against Petitioner and several co-defendants, in case number 2:99-CR-20061. The indictment charged Petitioner with various felonies in Counts 1 through 5. Petitioner was later convicted of the offenses charged in Counts 1 through 3: (1) armed bank robbery and aiding and abetting the same, in violation of 18 U.S.C. § 2133(a) and (d); (2) assault during bank robbery and aiding and abetting the same, in violation of 18 U.S.C. § 2133(e); and (3) carrying and use of a firearm during and in relation to a crime of violence and aiding and abetting the same, in violation of 18 U.S.C. § 924(c). ECF No. 22-1 at 1 – 4. On July 12, 1999, pursuant to the terms of a written plea agreement, Petitioner entered his plea of guilty to Count 1, 2 and 3 of the indictment. ECF Nos. 75, 76, 77.

On September 20, 1999, Petitioner was sentenced to 28 years of incarceration. ECF No. 100.[4] The sentence was comprised of two sentences of 23 years for Counts 1 and 2, with those sentences to be served concurrently with one another, and sentence of 5 years for Count 3, with that sentence to be served consecutively to the concurrent

---

[2] Throughout section II.A. all ECF numbers refer to entries in the docket of Criminal Action No. 2:99-CR-20061 from the Western District of Tennessee, available on PACER. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

[3] Although the indictment is not viewable on PACER in the original case file from the Western District of Tennessee, Respondent has filed a copy of the indictment in the instant matter, N.D.W.Va. 3:18-CV-138, ECF No. 21-1.

[4] Although the judgment is not viewable on PACER in the original case file from the Western District of Tennessee, Respondent has filed a copy of the judgment in the instant matter, N.D.W.Va. 3:18-CV-138, ECF No. 21-2.

sentences for Counts 1 and 2.  Id.  Counts 4 and 5 of the indictment were dismissed. ECF No. 104.  As noted by the Sixth Circuit Court of Appeals in a later opinion filed May 1, 2018, "[b]ased on two prior felony convictions in Tennessee, Howard was sentenced as a career offender, [pursuant to United States Sentencing Guidelines] § 4B1.1, to a total prison term of twenty-eight years."  U.S.C.A. 6th Cir. 17-5937, ECF No. 15-2.  Further, the 28-year sentence was to be served consecutively to the Petitioner's undischarged term of imprisonment.  N.D.W.Va. 3:18-CV-138, ECF No. 21-2 at 4.

### B. Direct Appeal

A review of the docket and PACER shows that Petitioner did not appeal his conviction or sentence.[5]

### C. Prior Motions for relief under 28 U.S.C. § 2241

Petitioner has twice previously sought relief under 28 U.S.C. § 2241, first in the Western District of Louisiana in case number 2:11-CV-1415, and second in this district in case number 1:12-CV-129.  In the Western District of Louisiana, Petitioner alleged that his conviction in the Western District of Tennessee was void.  W.D.La. 2:11-CV-1415, ECF No. 13.  The district court denied the petition because the grounds raised were more appropriately considered in a § 2255 proceeding.  Id.

In the Northern District of West Virginia, Judge Keeley noted that Petitioner argued "that the predicate offenses used to qualify him as a 'career offender' under the United States Sentencing Guidelines no longer qualify as felonies. . . and he consequently [sought] a recalculation of his sentence."  1:12-CV-129, ECF No. 23 at 3.

---

[5] Although two of Petitioner's co-defendants, Martilus Patton and Courtney Triggs, appealed their convictions, Petitioner did not join in those appeals.  14 Fed. Appx. 450 (6th Cir. 2001).

3

Judge Keeley denied the petition and dismissed the matter without prejudice. Id. at 6.

D. **Motions to Vacate under 28 U.S.C. § 2255[6]**

On June 6, 2016, Petitioner filed a motion to vacate under 28 U.S.C. § 2255 in a separate civil proceeding. ECF No. 1. Petitioner argued that the Supreme Court's ruling in Johnson v. United States, 135 S.Ct. 2551 (2015), made his sentence unconstitutional because the ruling meant his sentence as a career offender violated the due process clause. Id. at 4. Petitioner sought vacation of his sentence and to be re-sentenced in light of Johnson. Id. at 13.

On July 21, 2017, the Court denied Petitioner's motion filed pursuant to § 2255. ECF No. 8. On May 1, 2018, the Sixth Circuit Court of Appeals affirmed the district court's judgment as to Petitioner's § 2255 motion. U.S.C.A. 6th Cir. 17-5937, ECF No. 15-2. The Court's opinion noted that, "as the district court explained, the rule announced in Johnson applied to the ACCA, and Howard was sentenced under the career offender provisions of the Sentencing Guidelines, rather than the ACCA." Id. at 3.

E. **Instant § 2241 Petition**

Petitioner filed the instant § 2241 petition on August 30, 2018, and amended his petition on February 25, 2019. ECF Nos. 1, 10. In the amended petition, Petitioner's single ground for relief is that his sentence constitutes a fundamental defect, because he was improperly sentenced as a career offender. ECF No. 10 at 5. Petitioner claims that his prior Tennessee conviction[7] for aggravated burglary no longer qualifies to support his

---

[6] Throughout section II.D. all ECF numbers refer to entries in the docket of Civil Action No. 2:16-CV-02397 from the Western District of Tennessee, available on PACER.

[7] The petition states, "I was sentenced as a career offender, my prior conviction no longer qualifies to support the enhancement," but the petition does not specify which conviction Petitioner contests. ECF No. 1 at 5. A review of the record shows that Petitioner was previously convicted in Tennessee of both aggravated burglary and aggravated robbery, which offenses were used to enhance his sentence. ECF

4

sentencing enhancement, and that he is otherwise prohibited from filing a motion pursuant to § 2255. Id.

For relief, Petitioner requests his sentence imposed in the Western District of Tennessee be vacated and that a sentence of "time served" be imposed. Id. at 8. It appears that Petitioner seeks to have his sentence invalidated.

Respondent filed a motion to dismiss, or in the alternative, for summary judgment, with exhibits on August 26, 2019, and a sealed exhibit was filed on August 27, 2019. ECF Nos. 21, 21-1 through 21-3, 22. Respondent argues that Petitioner cannot meet the four-part Wheeler test, established by the Fourth Circuit to determine whether § 2255 is inadequate or ineffective to test the legality of a sentence. ECF No. 21 at 5. Petitioner filed a response in opposition on October 18, 2019, where he cites to United States v. Stitt, 250 F.3d 878 (6th Cir. 2001) and Lester v. Flournoy, 909 F.3d 708 (4th Cir. 2018), to support his petition. ECF No. 30. Petitioner cited to those same cases in his memorandum in support of his amended petition filed on February 25, 2019. ECF No. 10-1.

### III. LEGAL STANDARDS

#### A. Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule

---

No. 22-1. However, the memorandum which Petitioner attached to his petition addresses only aggravated burglary, which offense is addressed in Section IV below. ECF No. 1-1 at 3.

4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

**B. Pro Se Litigants**

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to a less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[8] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

---

[8] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

### C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are generally required to proceed under § 2255 in the District Court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[9] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

---

[9] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
    a.    The date on which the judgment of conviction becomes final;
    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[10] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence. See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

---

> c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[10] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

<06>

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429.  The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler.  Id.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims.  See Wheeler, 886 F.3d at 423–26.

    **D.**    **Motions to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted.  The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim  showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim

9

unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation. Id. at 678. "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Thus, a well-pleaded complaint must offer more than, "a sheer possibility that a defendant has

10

acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

### E. Motion for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(a), the Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In applying the standard for summary judgment, the Court must review all the evidence in the light most favorable to the nonmoving party. Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion to, "demonstrate the absence of a genuine issue of material fact." 477 U.S. at 323. Once "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some

11

metaphysical doubt as to material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

"The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a verdict." Anderson, supra, at 256. Thus, the nonmoving party must present specific facts showing the existence of a genuine issue for trial, meaning that "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but must set forth specific facts showing that there is a genuine issue for trial." Id. The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Id. at 248.

To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, supra, at 248.

Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, supra, at 587. "Where the record as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. citing First Ntl. Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 155, 1592 (1968). See Miller v. Fed. Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). Although any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party

opposing the motion, where, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Matsushita, supra, at 587-88. Anderson, supra, at 248-49.

## IV.   ANALYSIS

Petitioner's sole ground for relief is that he was misclassified as a career offender under the pre-Booker,[11] mandatory Guidelines.  ECF Nos. 10 at 5; 10-1, at 4.  Because Petitioner's direct appeal rights have expired and Petitioner has pursued a prior § 2255 motion to disposition, his appropriate remedy would be to file a request to file a second or successive § 2255 to vacate his sentence.[12]  To the extent that Petitioner is seeking relief under § 2241, he must meet the standards of that statute.

Because Petitioner's argument does not rely on newly discovered evidence or a new rule of constitutional law, relief under 28 U.S.C. § 2255(h) is inappropriate. Therefore, in order for Petitioner to obtain relief under § 2241, he must rely on the § 2255(e) savings clause.  Because Petitioner is challenging his sentence in a § 2241, he must meet all four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge on the merits.

Respondent argues that Petitioner improperly relies on a change in the law to support his claim that he meets the second prong of the Wheeler test.  ECF No. 21 at 5. Petitioner repeatedly cites to United States v. Stitt, 860 F.3d 854 (6th Cir. 2017), to support his claim that a change in the law occurred and as a result, one of his underlying convictions no longer qualifies as a predicate offense for a career offender sentence

---

[11] United States v. Booker, 543 U.S. 220 (2005).

[12] Section 2255 appears to be the appropriate remedy, however, Petitioner's conviction was final nearly 20 years ago.  Accordingly, such a claim may be time barred, thereby precluding relief under § 2255.

13

enhancement. However, as Respondent notes, that decision was reversed in United States v. Stitt, 139 S.Ct. 399, 406 (2018), where the United States Supreme Court held that Tennessee's aggravated burglary statute, and Stitt's conviction for aggravated burglary fell "within the scope of generic burglary's definition." The Supreme Court's decision upheld Stitt's career offender enhancement under that statute, which is the same statute used to enhance Petitioner's sentence as a career offender. Accordingly, Respondent argues that Petitioner cannot meet the second prong of Wheeler.

This court agrees with Respondent. Regardless of whether Petitioner meets the first, third, and fourth[13] prongs of Wheeler, Petitioner fails to meet the second prong. The second prong of Wheeler contains two clauses that each must be met for the prong to be satisfied. The second prong requires a showing that: (1) the settled substantive law, which established the legality of the defendant's sentence, has changed; and (2) that change in the law has been deemed to apply retroactively on collateral review. Petitioner fails to meet the first clause of the second prong of Wheeler due to the Supreme Court's decision in Stitt. Although Petitioner argues that Stitt, as decided by the Sixth Circuit, invalidates his prior conviction used to classify his as a career offender, Petitioner disregards the decision of the United States Supreme Court, 139 S.Ct. 399, which reversed the Sixth Circuit. Accordingly, Petitioner is unable to demonstrate that there was a change in the law, and is unable to meet the first clause of the second prong of Wheeler. As there has been no change in the substantive law, there is nothing to be

---

[13] The Fourth Circuit's decision in Lester v. Flournoy, 909 F.3d 708 (4th Cir. 2018), found that a misclassification as a career offender under the pre-Booker, then-mandatory USSG is a "fundamental defect" for the purposes of the fourth prong of Wheeler. Lester, 909 F.3d at 716. However, in Lester, the parties did not dispute the second prong of Wheeler. Lester, 909 F.3d at 712.

14

deemed retroactive on collateral review, as required by the second clause of the second prong of Wheeler.

Accordingly, regardless of whether Petitioner meets the first, third, and fourth prongs of Wheeler, he cannot meet the second prong. Therefore, Petitioner has not satisfied the § 2255(e) savings clause, he is not entitled to § 2241 relief through § 2255(e), and this Court is without subject-matter jurisdiction. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the petition [ECF No. 1] and Amended Petition [ECF No. 10] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.** It is further **RECOMMENDED** that Respondent's Motion to dismiss or in the alternative for summary judgment [ECF No. 21] be **GRANTED**.

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: October 29, 2019

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE