# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**LAFAYETTE HOWARD,**

    Petitioner,

v.                                        **CIVIL ACTION NO.: 3:18-CV-138 (GROH)**

**FREDERICK ENTZEL, Warden,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Now before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R [ECF No. 32] on October 29, 2019. Therein, Magistrate Judge Trumble recommends that the Petitioner's § 2241 petition [ECF No. 1] and amended petition [ECF No. 10] be denied and dismissed without prejudice. Magistrate Judge Trumble further recommends that Respondent's Motion to Dismiss or in the Alternative, Motion for Summary Judgment [ECF No. 21] be granted.

## I. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of the magistrate judge's findings where objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and

of a petitioner's right to appeal this Court's Order. 28.U.S.C..§ 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Petitioner accepted service of Magistrate Judge Trumble's R&R on November 22, 2019. ECF No. 36. On December 5, 2019, the Petitioner filed his objections. ECF No. 37. Accordingly, this Court will review the portions of the R&R to which the Petitioner objects *de novo*.

## II. Background

On August 30, 2018, the Petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. An amended petition was filed on February 25, 2019, wherein the Petitioner challenges a sentence imposed by the United States District Court for the Western District of Tennessee, Eastern Division. ECF No. 10. Specifically, the Petitioner asserts that he was erroneously sentenced as a career offender. The Petitioner argues that following United States v. Stitt, 860 F.3d 864 (6th Cir. 2017) and Mathis v. United States, 136 S.Ct. 2243 (2016), his prior convictions for aggravated burglary no longer qualify as predicate offenses for the career offender enhancement. Therefore, the Petitioner requests that this Court (1) vacate his sentence as a career offender and (2) reimpose a sentence of time served.

On August 26, 2019, the Respondent filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. ECF No. 21. Therein, the Respondent argues that the Petitioner fails to meet the second prong of the Wheeler test because

2

Tennessee's aggravated burglary statute has not changed in light of Stitt. Based on this lack of change in substantive law, the Respondent moves for dismissal of the Petitioner's § 2241 petition.

### III. Applicable Law

Generally, a prisoner seeking to challenge the validity of his conviction or sentence must proceed under 28 U.S.C. § 2255 in the district court of conviction. 28 U.S.C. § 2255; see United States v. Hayman, 342 U.S. 205, 216-17 (1952). Nevertheless, pursuant to the "savings clause," a prisoner may challenge the validity of his conviction or sentence under 28 U.S.C. § 2241 if it appears that a § 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Under Wheeler, a § 2255 motion is inadequate or ineffective to test the legality of a sentence when the following four conditions are met:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018). If these four requirements are met, the savings clause is satisfied, and a prisoner may challenge the legality of his sentence under 28 U.S.C. § 2241. If any one of the requirements is not met, the court is deprived of jurisdiction and may not "entertain [the petition] to begin with." Id. at 425.

## IV. Analysis

In this case, Magistrate Judge Trumble found that, regardless of whether the Petitioner meets the first, third, and fourth prongs of Wheeler, the savings clause is not satisfied because the second prong is not met. Specifically, the magistrate judge found, in agreeance with the Respondent, that the Supreme Court's ruling in United States v. Stitt did not change the law with respect to Tennessee's aggravated burglary statute. Because there is no change in substantive law that has been deemed retroactive on collateral review, as required under the second prong of Wheeler, Magistrate Judge Trumble recommends dismissing this case for lack of subject-matter jurisdiction.

In his objections, the Petitioner essentially cites sections of United States District Court Judge Jon P. McCalla's order[1] granting him a certificate of appealability and leave to proceed *in forma pauperis* on appeal. However, this order only permitted the Petitioner to appeal the district court's decision to deny his § 2255 motion to vacate his sentence and does not support the Petitioner's entitlement to resentencing. The Petitioner also cites to Beckles v. United States, 137 S. Ct. 886 (2017). However, the Supreme Court concluded that the United States Sentencing Guidelines, under which the Petitioner received his career offender sentence, were not subject to a vagueness challenge under the Due Process Clause. Id. at 892. After reviewing the R&R, the Petitioner's objections, and the controlling law in this Circuit, the Court finds that the Petitioner fails to overcome his ability to satisfy the second prong of Wheeler. In fact, the Petitioner does not offer any argument as to how Stitt or any other substantive law

---

[1] See W.D. Tenn., 2:16-cv-02397, ECF No. 8.

justifies collateral review of his sentence.

## V. Conclusion

For the reasons provided herein, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 32] should be, and is hereby, **ORDERED ADOPTED**. Therefore, the Petitioner's § 2241 Petition [ECF No. 1] and amended petition [ECF No. 10] are **DENIED** and **DISMISSED WITHOUT PREJUDICE**. Accordingly, the Respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [ECF No. 21] is hereby **GRANTED**.

This matter is **ORDERED STRICKEN** from the Court's active docket. The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

**DATED:** December 19, 2019

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE